### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES SECURITIES AND** | ) |
| **EXCHANGE COMMISSION,** | ) |
| **100 F St., N.E.,** | ) |
| **Washington, DC 20549** | ) **MISC . No.** _____ |
| Movant, | ) **(Case No. 16-cv-03885)** |
| | ) **(case pending in USDC ND ILL)** |
| v. | ) |
| | ) |
| **DANIEL C. USTIAN,** | ) |
| c/o **Sean M. Berkowitz** | ) |
| **Latham & Watkins LLP** | ) |
| **330 North Wabash Ave., Suite 2800** | ) |
| **Chicago, IL 60611** | ) |
| | ) |
| Respondent. | ) |
| | ) |

### MOTION TO PARTIALLY QUASH DEFENDANT DANIEL USTIAN'S
### DOCUMENTS SUBPOENA TO THE EPA

Defendant Daniel Ustian ("Ustian"), the former CEO of Navistar International

Corporation ("Navistar"), has issued a subpoena (the "Subpoena") to the U.S.

Environmental Protection Agency ("EPA"). To prevent fact discovery from needlessly

continuing into 2019, as Ustian has requested, Plaintiff United States Securities and

Exchange Commission ("SEC") moves to partially quash the Subpoena ("Motion to

Quash") to the extent it seeks documents about the EPA's treatment of Navistar's

competitors. Contemporaneously with the filing of this motion, the SEC is filing a motion

with this Court to transfer this motion to the Court in which this action is pending, which

is the United States District Court for the Northern District of Illinois,[1] with the EPA's

consent. In support of the Motion to Quash, the SEC states as follows:

1.      The SEC sued Ustian in March 2016. *See* Docket Case No. 16-cv-3885

(N.D. Ill.), Docket No 1. The SEC accuses Ustian of misleading the investing public

about Navistar's progress complying with the EPA's standard for emissions of the

pollutant NOx. Navistar used "EGR-only" technology to try to comply with the standard;

the competition used "SCR" technology. The SEC understands that Ustian's request for

an extension is necessitated mostly by his demand for internal EPA communications

about the competition's attempts to comply with the new emission standards using

"SCR" technology.

2.      Over 20 months ago, in August 2016, Ustian issued the Subpoena. *See* Ex

1. In response, the EPA has produced over 40,000 documents, including thousands of

pages of internal EPA documents relating to Navistar's EPA certification applications.

But Ustian remains unsatisfied.

3.      In March 2017, Ustian's lawyers told U.S. Magistrate Judge the

Honorable Sidney Schenkier that they were going to move to compel against the EPA,

stating "we are in a perfect position now to bring" the motion. *See* Ex. 2, 3-15-17 Tr. at

4:20-5:2; 6:12-6:13. Ustian inexplicably never did so. Because his lawyers told Judge

Schenkier that Ustian did not want a settlement conference until he received documents

from the EPA, *id.* at 5:13-5:15, the settlement conference was delayed until December

2017. Partly due to this delay, the parties sought and received a six month extension for

---

[1] The Honorable U.S. District Court Judge Sara L. Ellis is the presiding judge for the underlying
pending case. If this Court transfers this motion to the Northern District of Illinois, then the SEC
will re-file this motion in that District to comply with the Northern District of Illinois' notice
requirements for motions, as well as to comply with Judge Ellis' requirements regarding
discovery motions.

discovery. *See* Docket Nos. 95, 109. In early April 2018, Ustian's lawyers asked the SEC to agree to another 6-month extension -- into 2019 – presumably because the EPA still had not produced all of its internal communications about *other* truck companies' EPA applications.

4.      These documents are not relevant or proportional to the needs of the case. The EPA's internal communications concerning other companies will provide the fact-finder with zero insights into Ustian's state of mind when he said the things he did. In another case currently pending in the Northern District of Illinois, in which the EPA has sued Navistar, the Court has rejected the efforts by Navistar (represented by the same lawyers that represent Ustian in this case) to obtain EPA staff members' internal communications. *See U.S. v. Navistar*, 236 F. Supp. 3d 1049, 1055-1056 (N.D. Ill. 2017); *see also U.S. v. Farley*, 11 F.3d 1385 (7th Cir. 1993) (internal FTC documents expressing views of FTC staff are not relevant to defendant's claims or defenses). Ustian's efforts to obtain internal EPA communications in this case, in which the EPA is not a party, are even more misguided.

5.      That said, but for the resulting delays the SEC might have abided Ustian's frolic and detour. But even if Ustian could articulate some modicum of relevance, it would be dwarfed by the toll this onerous discovery is taking on this litigation. Indeed, Ustian's demands have already delayed the adjudication of this case. And the granting of his motion will ensure further delays – six months at a minimum.

6.      We say "at a minimum" because there is no reason to believe this will be the last request for an extension stemming from this discovery into internal communications about competitors' EPA submissions. No one knows the volume of the

demanded documents. The EPA may well need more than six months to complete its

production. After which Ustian will need still more time to review the documents before

questioning EPA personnel about them at depositions.

7.      Ustian's Subpoena has been pending for over 20 months. This case has

been pending for over two years. Ustian has had more than enough time to get documents

from the EPA, yet there still is no end in sight for Ustian's demands from the EPA. This

is reason alone for the Court should partially quash the Subpoena as untimely. *Cf. The*

*Medicines Co. v. Mylan Inc.*, 2013 WL 120245 at *1-*3 (N.D. Ill. Jan. 9, 2013) (denying

motion to compel filed 11 months after service of discovery request); *In re Sulfuric Acid*

*Antitrust Litig.*, 231 F.R.D. 331, 341(N.D. Ill. 2005) (denying motion to compel after 8-

month delay).

Dated: May 8, 2018                                      Respectfully submitted,


                                                        Melissa Armstrong
                                                        U.S. SECURITIES AND
                                                        EXCHANGE COMMISSION
                                                        100 F. Street, N.E.
                                                        Washington, DC 20549
                                                        202.551.4724 (tel)
                                                        202.772.9245 (fax)
                                                        armstrongme@sec.gov

                                                        *Counsel for Movant*

Of counsel:
Eric M. Phillips
Jonathan S. Polish
Anne Graber Blazek
Timothy Stockwell
United States Securities and Exchange Commission
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on May 8, 2018, she caused a copy of the foregoing Motion to Quash to be served upon the following counsel by email:


Sean M. Berkowitz
Cary R. Perlman
Latham & Watkins LLP
330 North Wabash Ave., Suite 2800
Chicago, IL 60611
sean.berkowitz@lw.com
cary.perlman@lw.com

Kate R. Bowers
United States Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box. 7415
Ben Franklin Station
Washington, DC 20044-7415
kate.bowers@usdoj.gov



Melissa Armstrong